IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TOMMY RICE, | : | CIVIL NO. 1:19-CV-493 |
| --- | --- | --- |
| Petitioner, | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WARDEN FCI MCKEAN, | : | |
| Respondent. | : | |

## MEMORANDUM ORDER

### I. Statement of Facts and of the Case

This case involved a federal habeas corpus petition filed by the petitioner, Tommy Rice, which invited the court to examine the results of a prison disciplinary hearing that led to the forfeiture of good time and other privileges. (Doc. 1.) Briefly, the pertinent facts in this case were as follows: On April 3, 2017, at FCI McKean following a cell search of Rice's wall locker, Correctional Officer Fadenholz discovered some suspected contraband, two capsules inside a pill bottle containing a green leafy substance inside both capsules. (Doc. 10, Ex. 1 Declaration of Matthew Lavelle ¶ 3, Attach. A, Discipline Hearing Officer (DHO) Report 2970366 at 1, 4.) Fadenholz secured the cell and took the pill bottle and the suspicious two capsules to his office. (Id. at 2, 4.) While the correctional officer was attempting to notify his superiors, Rice entered Fadenholz's office complaining that he had to use the bathroom and needed into his cell. (Id.) Officer Fadenholz refused Rice's request to

1

enter his cell and sent him away from his office. However, undeterred Rice returned complaining again that he needed access to his cell and his medicine. (Id.) According to the correctional officer's account, as he complained Rice kept moving closer to the desk where the suspicious capsules retrieved by the officer lay. Officer Fadenholz ordered Rice to "step away from my desk and move back to the doorway," but according to the officer Rice refused the order and instead reached over the computer monitor and grabbed the 2 capsules off the desk. (Id.) Officer Fadenholz then ordered Rice to "drop the pills and stop," but Rice refused to obey and fled, running down the range. (Id.) At that time, Fadenholz immediately locked his office door and called for assistance. (Id.) Officer Fadenholz's account was corroborated in part by prison surveillance videos of the housing unit range. A review of these videos revealed Rice entering the correctional officer's office, then leaving quickly and running down the range. Further video surveillance footage showed Rice dropping a small object outside a cell where another inmate was seen picking up the object and placing it under a stairwell. (Doc. 10-1, Attach A at 9.)

In the wake of this incident Officer Fadenholz issued an Incident Report charging Rice with violations of (Code 115), Disposing of an Item During a Search, and, violation of (Code 307), Refusing an Order. (Id. at 4.) On April 26, 2017, the Disciplinary Hearing Officer (DHO) held a hearing to address the incident report. (Id., Ex. 1, Attach. A at 1.) During the hearing, the DHO confirmed that Rice

understood his rights and had received advanced written notice of the charges against him. The DHO also confirmed that Rice had requested a staff representative, Dr. Walt, who was assisting the inmate. (Id.) The DHO hearing record further indicated that Rice had no documentary evidence to present. While Rice requested a witness at this hearing, a paramedic named Fraser, Paramedic Fraser was unavailable and this request was denied. However, the DHO later contacted Fraser, who simply reported that he had been notified of this April 3 incident, but had not been required to respond to the scene. (Id.) Rice also testified at the DHO hearing, stating that the incident report was not true and that he never took anything off the officer's desk. (Id. at 1.) According to Rice, he was experiencing a medical emergency and needed to use the bathroom. (Id.) In Rice's narrative, he went into the Fadenholz's office two different times to ask him to let him back into his cell so he could use the bathroom. (Id.) When the correctional officer refused to allow him access to the cell, Rice stated that left the office without seizing any suspected contraband and simply jogged down the range to relieve the pressure of having to use the bathroom. (Id.) Rice further insisted that he never dropped any pills on the range, and alleged that the investigation of the inmate who allegedly picked up the pills did not result in any citation of that prisoner. (Id.)

Following this hearing the DHO found that Rice had committed the prohibited act of obstruction of a search. In reaching this result the DHO considered the

3

reporting officer's written statement, the video tape recording of the incident, as well as Rice's statements. (Id.) The DHO noted that the officer's report was corroborated by the video evidence and had greater credence than Rice's account of these events. (Id.) Therefore, based upon the greater weight of the evidence, the DHO found that Rice had committed the prohibited act of (Code 115), Disposing of an Item During a Search, and sanctioned Rice by disallowing 41 days of Rice's good conduct time. (Id. at 3.) A copy of the DHO report was delivered then to Rice on May 5, 2017. (Id.)

It was against this factual backdrop that Rice filed the instant federal habeas corpus petition. Along with his petition, Rice also filed a motion seeking discovery in the habeas corpus proceeding. (Doc. 2.) We denied Rice's request for discovery, (Doc. 11), and finding that Rice was afforded the full panoply of procedural protections and that there was sufficient evidence to support the prison's finding of misconduct, we recommended that this petition be denied. (Doc. 13.) Rice lodged no objection to this recommendation, which was adopted by the district court. (Doc. 14.) However, Rice now files a series of motions, including a second motion for further discovery which seek to re-open Rice's demands for factual discovery. (Doc. 16.) In essence, Rice's motion for discovery requests that we reconsider its prior discovery ruling in a case that has now been resolved on its merits.

For the reasons set forth below, we will decline this invitation to reconsider

our prior discovery ruling..

## II. Discussion

### A. Rice's Motion to Reconsider Discovery Will Be Denied.

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling.

5

Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case we have previously concluded that habeas petitioners have no absolute right to make discovery demands upon respondents. Rather, decisions on discovery requests rest in the sound discretion of the court. As the United States Court of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987)

These discovery rules in § 2254 petitions apply with equal force to federal habeas petitions under § 2241. See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that habeas rules are "applicable to Section 2241 petitions through Rule 1(b)").

Exercising this discretion, we previously denied this request for discovery, noting that Rice's petition challenged the outcome of a disciplinary proceeding. Yet, substantive attacks on the sufficiency of the evidence in this disciplinary hearing must meet a demanding legal standard to succeed. A prison disciplinary determination comports with due process if it is based on "some evidence." See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See id. at 455; Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989). Therefore, it is well settled that the decision of the DHO is entitled to considerable deference by a reviewing court and must be upheld whenever there is "some evidence" to support the decision. Hill, 472 U.S. at 457; Elkin v. Fauver, 969 F.2d 48 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500 (3d Cir. 1989); Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Freeman v. Rideout, 808 F.2d 949, 955 (2d Cir. 1986). Thus, in

this setting the "function [of the court] is to determine whether there is some evidence which supports the decision of the [DHO]." Freeman, 808 F.2d at 954. As the Supreme Court has observed, the "some evidence" standard is a highly deferential standard of review, and:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-456.

Applying this deferential standard, once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992); Thompson, 889 F.2d 501; Freeman, 826 F.2d at 954.

When we ruled upon Rice's initial discovery request, we found under this deferential standard of review, which examined whether some evidence supported the decision of the DHO, that additional discovery was not necessary or proper. Therefore, in the exercise of our discretion we denied this request.(Doc. 11.) Notwithstanding Rice's arguments we find no grounds to reconsider this decision. There is neither an intervening change in the law nor any newly developed material change in the facts which would justify reconsideration of this ruling. In particular

as we explained in our Report and Recommendation which was adopted by the district court, nothing in Rice's speculative argument regarding the possible existence of exculpatory evidence caused us to conclude that discovery was necessary here. Further, given the facts before us there is no manifest injustice which needs to be corrected. Rather, this disciplinary decision was appropriate in light of the facts before the DHO, a substantive outcome that Rice does not contest. Therefore, further factual discovery is not warranted and this a motion to reconsider will be denied.

An appropriate order follows.

## III. Order

Accordingly, Rice's Motion to Reconsider Discovery (Doc. 16) is DENIED. So ordered this 27th day of June 2019.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge